Deepakkumar Amdrutlal
**PATEL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73213.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 15, 2004.

Sydney Jay Hall, Law Offices of Sydney Jay Hall, Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC-District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Aviva Poczter, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

MEMORANDUM **

Deepakkumar Amrutlal Patel, a native and citizen of India, petitions for review of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

a Board of Immigration Appeals decision summarily affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence credibility findings, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility finding based on the inconsistencies between Patel's testimony and his written declaration and asylum application. *See Berroteran–Melendez v. INS*, 955 F.2d 1251, 1256–57 (9th Cir.1992) (upholding IJ's finding that petitioner not credible when his testimony and application gave differing accounts of past persecution and was lacking in detail). These inconsistencies went to the heart of his asylum claim, *see Chebchoub*, 257 F.3d at 1043, and, therefore, the record does not compel the conclusion that Patel's testimony was credible, *see Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998). Accordingly, petitioner failed to establish eligibility for asylum or withholding of deportation. *See id.* at 971.

We lack jurisdiction to consider Patel's contention regarding adjustment of status because he failed to exhaust that claim. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.